**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GWENDOLYN PURNELL, | CIVIL ACTION NO. |
| Plaintiff, | |
| v. | |
| GOODLEAP, LLC; SUNRUN INC.; VIVINT SOLAR, INC.; VIVINT SOLAR DEVELOPER, LLC; AND LEROI TAYLOR, | |
| Defendants. | |

## NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that Defendants Sunrun Inc. ("Sunrun"), Vivint Solar Developer, LLC ("Vivint Solar Development"), Vivint Solar, Inc. ("Vivint Solar"), GoodLeap, LLC ("GoodLeap"), and Leroi Taylor ("Mr. Taylor") (collectively, "Defendants"), by and through their respective undersigned attorneys, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby file this Notice of Removal with respect to the above-captioned action, which was filed and is currently pending in the Philadelphia County Court of Common Pleas.  In support of this Notice of Removal, Defendants state as follows:

## I.   BACKGROUND AND TIMELINESS

1.     On or about May 2, 2022, Plaintiff Gwendolyn Purnell filed a Complaint in the Philadelphia County Court of Common Pleas captioned as *Gwendolyn Purnell v. GoodLeap LLC, Sunrun Inc., Vivint Solar, Inc., and Vivint Solar Developer, LLC*, Case No. 220500085 (the "Initial State Court Action").

2.      Defendants timely removed the Initial State Court Action to this Court on June 1, 2022.  A copy of the docket in *Purnell v. GoodLeap, LLC, et al.*, No. 22-cv-02127 is attached hereto as Exhibit A.

3.      Thereafter, on June 7, 2022, Defendants Sunrun, Vivint Solar Developer, and Vivint Solar filed a Motion to Compel Arbitration.  Ex. A at Doc. No. 7.

4.      Ms. Purnell did not oppose the Motion to Compel Arbitration.  Indeed, on June 7, *the same day* that Defendants Sunrun, Vivint Solar Developer, and Vivint Solar filed their Motion to Compel Arbitration, Ms. Purnell voluntarily dismissed her action without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) and Local Rule 41.1(b).  *Id.* at Doc. No. 8.

5.      Ms. Purnell, however, did not commence an arbitration proceeding.

6.      Instead, on June 17, 2022, she re-filed her Complaint in Philadelphia County Court of Common Pleas captioned as *Gwendolyn Purnell v. GoodLeap LLC, Sunrun Inc., Vivint Solar, Inc., Vivint Solar Developer, LLC*, *and Leroi Taylor,* Case No. 2206037538 (the "Current State Court Action").  Copies of all "summons, pleadings, and orders" available on the docket in the Current State Court Action are attached hereto as Exhibit B.  *See* 28 U.S.C. § 1446(a).

7.      The allegations in the Complaint filed in the Current State Court Action are substantively identical to those in the Complaint filed in the Initial State Court Action.  To that end, in her current Complaint, Ms. Purnell claims that Defendants engaged in unfair or deceptive acts or practices in violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-2(4), *et seq.* ("UTPCPL"), and the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.3, *et seq.* ("FCA").  *See* Ex. B, Compl.  The Complaint also seeks declaratory relief and asserts common law causes of action for trespass, conversion, and slander of title.  *Id.*

8.     Indeed, the *only* substantive difference between the Initial State Court Action and the Current State Court Action was the addition of Mr. Taylor as a Defendant, who is a Pennsylvania resident, in a fraudulent attempt to destroy diversity and avoid removal.  Ms. Purnell alleges in her Complaint that Mr. Taylor was "the sales agent who at all times relevant acted on behalf of and at the behest of Vivint and Goodleap."  Ex. B, Compl. at ¶ 11.

9.     According to the state court docket, Ms. Purnell served GoodLeap with the Complaint by registered mail on June 27, 2022.  *See* Ex. B, Aff. of Service on GoodLeap.

10.    According to the state court docket, Ms. Purnell served Vivint Solar with the Complaint by registered mail on June 30, 2022.  *See* Ex. B, Aff. of Service on Vivint Solar.

11.    According to the state court docket, Ms. Purnell served Sunrun with the Complaint by registered mail on June 30, 2022.  *See* Ex. B, Aff. of Service on Sunrun.

12.    According to the state court docket, Ms. Purnell served Vivint Solar Developer with the Complaint by registered mail on June 30, 2022.  *See* Ex. B, Aff. of Service on Vivint Solar Developer.

13.    According to the state court docket, Ms. Purnell served Mr. Taylor with the Complaint by personal service on June 30, 2022.  *See* Ex B, Aff. of Service on Taylor.

14.    Accordingly, this Notice of Removal is filed within thirty (30) days of receipt of the Complaint by all Defendants in accordance with 28 U.S.C. § 1446(b).

## II.    THE ACTION IS REMOVABLE BASED ON DIVERSITY JURISDICTION

15.    Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

16.    The requirements of 28 U.S.C. § 1332(a) have been met because, as set forth below,

nothwistanding Ms. Purnell's attempt to destroy diversity by fraudulently joining Mr. Taylor, there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A.   The Properly Joined Parties are Diverse

17.   Ms. Purnell alleges that she resides in Philadelphia, Pennsylvania, and is therefore a citizen and resident of the Commonwealth of Pennsylvania.  *See* Ex. B, Compl. at ¶3.

18.   28 U.S.C. § 1332 defines corporate citizenship as follows: "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]"  28 U.S.C. § 1332(c).

19.   A corporation's principal place of business is the place where the corporation's officers direct, control and coordinate the corporation's activity, and, in practice, that place "should normally be the place where the corporation maintains its headquarters."  *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

20.   Sunrun is a Delaware corporation with its principal place of business in California.[1] Sunrun is therefore a citizen of the States of California and Delaware for purposes of diversity.

21.   Vivint Solar is a Delaware corporation with its principal place of business in California.[2]  Vivint Solar is therefore a citizen of the States of California and Delaware for purposes of diversity.

22.   A limited liability company's citizenship for diversity purposes is determined by the citizenship of all of its members.  *Zambelli Fireworks Mfg. Co., Inc. v. Matthew Wood, et al.*,

---

[1]   Ms. Purnell alleges that Sunrun's principal place of business is in California.  *See* Ex. B, Compl. at ¶5.

[2]   Ms. Purnell alleges that Vivint Solar is incorporated in Delaware and that its principal place of business is in California.  *See* Ex. B, Compl. at ¶7.

592 F.3d 412, 420 (3d Cir. 2010).  In *Lincoln Benefit Life Co. v. AEI Life, LLC*, the Third Circuit concluded that a party can satisfy its burden of establishing complete diversity of citizenship by affirmatively pleading that the defendant limited liability company is *not* a citizen of the plaintiff's state of citizenship.  800 F.3d 99, 106 (3d Cir. 2015).

23.     Here, Vivint Solar Developer and its members are citizens of the States of California and Delaware for purposes of diversity.  Vivint Solar Developer is a wholly-owned subsidiary of Vivint Solar Operations, LLC, which is a Delaware limited liability company.  Vivint Solar Developer's only member is Vivint Solar Operations, LLC.  Vivint Solar Operations LLC is a wholly-owned subsidiary of Vivint Solar Holdings, Inc., which is a Delaware corporation with a principal place of business in California.[3]  Vivint Solar Operations LLC's only member is Vivint Solar Holdings, Inc.

24.     In addition, GoodLeap and its members are citizens of the States of California, Delaware, and Texas, for purposes of diversity.  Declaration of David Dixon, Esq., which is attached hereto as Exhibit C, at ¶5.  GoodLeap has five members: GoodLeap Paramount GR Holdings, LLC, a California LLC; Paramount Owner Holding Company, Inc., a Delaware corporation with a principal place of business in California; Hayes Barnard, a natural person residing in Texas; Tanguy Serra, a natural person residing in California; and Matthew Dawson, a natural person residing in California.  *Id.* at ¶6.  GoodLeap Paramount GR Holdings, LLC, has two members: Paramount Owner Holding Company Inc., a Delaware corporation with a principal place of business in California, and BKM Holdings LLC, a California LLC.  *Id.* at  ¶7.  The sole member

---

[3]     Ms. Purnell alleges that Vivint Solar Developer is incorporated in Delaware and that its principal place of business is in California.  *See* Ex. B, Compl. at ¶8.

of BKM Holdings LLC is Hayes Barnard.[4]  *Id.* at ¶8.

25.     This Court should disregard Ms. Purnell's belated and fraudulent attempt to join Mr. Taylor as a defendant.  Ms. Purnell only joined Mr. Taylor, who she alleges was an agent of Vivint and GoodLeap, after Defendants properly and timely removed the Initial State Court Action.  Ms. Purnell has no real intention in good faith to prosecute this action against Mr. Taylor or to seek a joint judgment against Mr. Taylor.[5]  Thus, this Court should not consider Mr. Taylor's citizenship when evaluating whether diversity exists.  *See In re Briscoe,* 448 F.3d 201, 215-16 (3d Cir. 2006); *accord Moore v. Johnson & Johnson*, 907 F.Supp.2d 646 (E.D. Pa. 2012) (where, in a lawsuit against a Tylenol manufacturer, plaintiffs joined the Costco store that sold them Tylenol for the sole purpose of defeating federal jurisdiction, the district court disregarded Costco's citizenship, maintained subject matter jurisdiction over the action, and denied plaintiffs' motion to remand).

**B.      The Amount in Controversy Exceeds $75,000**

26.     The burden is on the defendant, as the moving party with respect to the removal of this case to federal court, to show that based on the allegations in the complaint and the defendant's knowledge  at  the time of removal the amount in controversy is  over  the  $75,000  statutory minimum.  *Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir.1999).

27.     The  Third  Circuit  instructs  that  in  determining  the  amount in controversy, the Court must aggregate the claims brought by Plaintiff in her Complaint.  *See Suber v. Chrysler Corp.,* 104 F.3d 578, 588 (3d Cir. 2003) ("The general rules is that claims brought by a single

---

[4]     Ms. Purnell alleges that GoodLeap's principal place of business is in California.  *See* Ex. B, Compl. at ¶4.

[5]     In addition, Ms. Purnell's claims against Mr. Taylor may be barred by the applicable statute of limitations.

plaintiff against a single defendant can be aggregated when calculating the amount in controversy, regardless of whether the claims are related to each other.").

28.     Ms. Purnell's Complaint seeks statutory damages, actual damages, and treble damages regarding a solar facility valued at $18,900.00.  *See* Ex. B, Compl. at ¶2.  Trebled, the value of the solar facility, without any other damages, is $56,700.00.  *See Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997) (finding that trial court properly included the sticker price of the vehicle at issue in the amount in controversy).

29.     In addition to her damages, Ms. Purnell is also seeking attorneys' fees under the UTPCPL.  Her future attorneys' fees incurred after filing the Complaint should be included in the amount in controversy calculation.  It is well settled in the Third Circuit that prospective attorney's fees are properly be included in the amount in controversy.  *See id.* ("in calculating the amount in controversy, we must consider potential attorney's fees"); *see also Espinoza v. Atlas Railroad Constr., LLC*, 657 Fed. Appx. 101, 103 n. 3 (3d Cir. 2016) (The amount in controversy exceeded $75,000 based primarily on the amount of attorney's fees that would be awarded if the plaintiff prevailed); *Roth v. US LEC of Pa., Inc.*, No. 05-cv-4452, 2005 WL 2340468, at *3 (E.D. Pa., Sept. 23, 2005) ("Although 28 U.S .C. § 1332 excludes 'interests and costs' from the amount in controversy, attorney's fees are necessarily part of the amount in controversy if [they] are available to successful plaintiffs under the statutory cause of action.") (internal quotation and citation omitted).

30.     The amount in controversy is "not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated."  *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993).  Here, a reasonable interpretation of Ms. Purnell's requested relief, including the request for attorney's fees, makes it clear that the amount requested exceeds

the $75,000 threshold.  *See* 28 U.S.C. § 1446(c)(2)(A)(ii) (the notice of removal may assert the amount in controversy where state pleading practice permits, as here, the recovery of damages in excess of the amount demanded); *see also In re Intel corp. Microprocessor Antitrust Litig.*, 2006 WL 1431214, at *2 (D. Del., May 22, 2006) (internal quotation and citation omitted) ("Once the proponent of jurisdiction has set out the amount in controversy, only a 'legal certainty' that the judgment will be less forecloses federal jurisdiction.").  Thus, the amount in controversy exceeds the $75,000 threshold for proceeding before this Court on diversity grounds.[6]

31.    Because this action is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.  Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

### III.    VENUE AND NOTICE

32.    Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  Pursuant to 28 U.S.C. § 101, this Court embraces the Court of Common Pleas of Philadelphia County.  This Court is therefore the appropriate venue for removal of this action.  *See* 28 U.S.C. § 1441(a).

33.    Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action shall be promptly served upon Ms. Purnell and a Notice of Filing will be filed with the Office of Judicial

---

[6]    In providing an assessment of Ms. Purnell's claims for purposes of establishing diversity jurisdiction, Defendants make no concession of liability and no concession that Ms. Purnell is owed any damages.  *Schor v. State Farm Fire and Cas. Ins. Co.*, 2015 WL 1230200, at *4 n. 1 (E.D. Pa., Mar. 18, 2015) (a defendant's concession as to the amount in controversy pled in the complaint does not translate into a concession as to the merits or adequacy of the plaintiff's pleading or an admission that the defendant acted in bad faith).  Defendants dispute that Ms. Purnell is entitled to any recovery in this matter and dispute Ms. Purnell's allegations regarding any violation of Pennsylvania law.

Records of the Court of Common Pleas of Philadelphia County, Pennsylvania.  A true and accurate copy of the proposed Notice of Filing of Notice of Removal is attached hereto as Exhibit D.

## IV.    CONCLUSION

34.    For all of the foregoing reasons, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 and this Court properly may exercise jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1441(a).

35.    Defendants submit this Notice of Removal without waiving any defenses to the claims asserted by Ms. Purnell, without conceding that Ms. Purnell has pleaded claims upon which relief can be granted, and without admitting that Ms. Purnell is entitled to any monetary or equitable relief whatsoever (or that the damages she seeks may be properly sought).  *See Schor*, 2015 WL 1230200.

36.    Should Ms. Purnell seek to remand this case to state court, Defendants respectfully request to be permitted to brief and argue the issue of this removal prior to any order remanding this case.  In the event the Court decides remand is proper, Defendants respectfully request that the Court retain jurisdiction and allow Defendants to file a motion asking this Court to certify any remand order for interlocutory review by the Third Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

WHEREFORE, Defendants submit that this action properly is removable based on diversity jurisdiction and respectfully shows that the above-described action pending against it has been removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY PC**

By: _Samantha L. Southall_

Samantha L. Southall (Pa. I.D. No. 80709)
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, Pennsylvania 19102-2555
Tel.: (215) 665-3800
Fax: (215) 665-8760
Email:  samantha.southall@bipc.com

_Attorneys for Defendant GoodLeap, LLC_

**GORDON REES SCULLY
MANSUKHANI, LLP**


By: _/s/ Alexander Nemiroff_

Alexander Nemiroff (Pa. I.D. No. 92250)
Three Logan Square
1717 Market Street, Suite 610
Philadelphia, Pennsylvania 19103
Tel. (267) 602-2040
Fax: (215) 693-6650
Email: anemiroff@grsm.com

_Attorneys for Defendants Sunrun Inc., Vivint Solar
Developer, LLC, Vivint Solar, Inc. and Leroi Taylor_

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 18, 2022, I caused a copy of the foregoing document to be

served upon the following by electronic mail and U.S. First Class Mail, postage pre-paid:

> Peter D. Schneider
> Robert W. Ballenger
> COMMUNITY LEGAL SERVICES, INC.
> 1424 Chestnut Street
> Philadelphia, PA 19102
> pschneider@clsphila.org
> rballenger@clsphila.org
>
> Cary L. Flitter
> Andrew M. Milz
> Jody T. López-Jacobs
> FLITTER MILZ, P.C.
> 450 N. Narberth Ave, Suite 101
> Narberth, PA 19072
> cflitter@consumerslaw.com
> amilz@consumerslaw.com
> jlopez-jacobs@consumerslaw.com

/s/ *Samantha L. Southall*
Samantha L. Southall