IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GWENDOLYN PURNELL,<br>         Plaintiff,<br>   v.<br><br>GOODLEAP, LLC, et al.,<br>         Defendants | CIVIL ACTION<br><br>NO. 2:22-cv-02773-RBS |

## PLAINTIFF'S MOTION TO REMAND

Plaintiff moves the Court for an Order remanding this matter to the Court of Common Pleas of Philadelphia County, from which the case was removed. 28 U.S.C. § 1447(c). Defendants' removal is procedurally defective because of their failure to file the required notice in the state court action. Defendants have also failed to establish the subject matter jurisdiction of this Court—that the parties are diverse. Plaintiff incorporates the within Memorandum of Law in support.

Respectfully submitted:

DATED: August 5, 2022

/s/ Andrew M. Milz
CARY L. FLITTER
ANDREW M. MILZ
JODY THOMAS LÓPEZ-JACOBS
**FLITTER MILZ, P.C.**
450 N Narberth Ave, Suite 101
Narberth, PA 19072
(610) 822-0782
amilz@consumerslaw.com
jlopez-jacobs@consumerslaw.com

Peter D. Schneider
**COMMUNITY LEGAL SERVICES, INC.**
1424 Chestnut Street
Philadelphia, PA 19102
215-981-3718
pschneider@clsphila.org

Robert W. Ballenger
**COMMUNITY LEGAL SERVICES, INC.**
1424 Chestnut Street
Philadelphia, PA 19102
215-981-3788
rballenger@clsphila.org

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GWENDOLYN PURNELL,<br>            Plaintiff,<br>       v.<br>GOODLEAP, LLC, et al.,<br>            Defendants | CIVIL ACTION<br><br><br>NO. 2:22-cv-02773-RBS |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND**

### I.     INTRODUCTION

This action arises from the unconscionable and fraudulent sales and business practices of Defendant door-to-door sales companies and their agents. Defendants send their door-to-door sales agents to the homes of Pennsylvania consumers to pitch "free" solar power to senior citizens like Plaintiff Gwendolyn Purnell. While the Defendant companies are not based in Pennsylvania, their salesman through whom Defendants commit the fraud, Defendant Leroi Taylor, resides in Pennsylvania. (Complaint ¶¶ 10–11.) Defendant Taylor's Pennsylvania citizenship is undisputed.[1]

Mrs. Purnell filed an action in the Court of Common Pleas of Philadelphia alleging state law claims against Defendants, including Defendant Taylor. Defendants collectively filed a Notice of Removal, claiming subject matter jurisdiction based on diversity of citizenship notwithstanding Defendant Taylor's residence in Pennsylvania. (ECF 1, Notice of Removal ¶ 31.) Defendants argue Taylor's citizenship should be disregarded as fraudulent. (*Id.* ¶ 25.) But Defendants fail to meet their heavy burden to establish some alleged "fraudulent" joinder, so remand is required. In any event, Defendants' removal is procedurally defective because of their failure to file the required Notice of Removal in the underlying state court action.

---

[1]     Plaintiff has not discovered the citizenship of the Doe Defendant(s), who may also be Pennsylvania citizens.

Accordingly, Plaintiff files the instant Motion to Remand under 28 U.S.C. § 1447(c) because the removal was procedurally defective and the Court lacks subject matter jurisdiction. Plaintiff's Motion must be granted.

## II. FACTUAL BACKGROUND

### A. Defendants' offer of "free" solar panels to Mrs. Purnell—no 20-year loan or contract was mentioned

Defendants Sunrun, Inc., Vivint Solar, Inc. and Vivint Solar Developer, LLC (collectively, "Vivint") are door-to-door sale companies that work in tandem with Goodleap, LLC ("Goodleap") to sell and finance the sale of solar electric systems. (Complaint ¶¶ 1 & 9.) Defendant Leroi Taylor ("Taylor") was the sales agent who at all times relevant acted on behalf of and at the behest of Vivint and Goodleap. (*Id.* ¶ 11.)

Mrs. Purnell is a widow who has resided in at 1827 Morris Street, Philadelphia, PA since purchasing the home in 1970. (*Id.* ¶¶ 3 & 14.) Mrs. Purnell's husband David Purnell ("Mr. Purnell") lived in the property with Mrs. Purnell from their marriage in 1987 until his death in 2020. (*Id.* ¶ 15.)

In 2018, Defendant Leroi Taylor, a door-to-door salesman working as an agent for the other Defendants, solicited Mr. and Mrs. Purnell at their home regarding the installation of solar panels. (*Id.* ¶¶ 11 & 16.) At the time, Mr. and Mrs. Purnell had no prior interest in solar, and they told the salesman that they were not interested. (*Id.*) But Taylor continued his pitch, explaining that it would cost nothing. (*Id.*)

Defendant Taylor told Mr. and Mrs. Purnell that if they allowed Vivint to install solar panels on their roof, there would be no cost to them and they would realize substantial savings on their electric utility costs. (*Id.* ¶ 19.) Taylor represented that anything Mr. and Mrs. Purnell might

have to pay would be covered by the sale to the electric company of the electricity the system generated. (*Id.*) Those representations, it turns out, were false. (*Id.* ¶ 20.)

Attracted by the offer, Mr. and Mrs. Purnell agreed to consider having the solar system installed. (*Id.* ¶ 21.) Taylor took information for both Mr. and Mrs. Purnell and told them he would submit the information to see if they qualified to have the system installed. (*Id.* ¶ 22.) Several weeks later, Taylor returned to the home and told the Purnells that Mr. Purnell did not qualify for the installation of the system but that Mrs. Purnell did so qualify. (*Id.* ¶ 23.) Mrs. Purnell orally agreed to have Vivint install the system. (*Id.* ¶ 25.)

On or about November 28, 2018, Taylor returned again and presented Mrs. Purnell with a computer tablet. (*Id.* ¶ 26.) There were no paper documents presented, signed, or exchanged. (*Id.*) Significantly, the computer tablet did not depict any contractual terms. (*Id.*) Mrs. Purnell signed Taylor's tablet, agreeing only to the installation of solar panels and nothing more. (*Id.* ¶ 27.) Consistent with her understanding, panels were eventually installed. (*Id.* ¶ 28 & 35.)

### B. Almost two years later, Defendants reveal the existence of 20-year loan

On or about November 6, 2020, Defendants provided Mrs. Purnell copies of documents entitled "Residential Solar Energy System Purchase Agreement," and "Loan Agreement" to Mrs. Purnell. (*Id.* ¶ 29.) The "Residential Solar Energy System Purchase Agreement" purported to be an agreement by Mrs. Purnell to purchase solar panels and related equipment from Vivint and for Vivint to install the system, for a price of $18,900.00. (*Id.* ¶ 30.) The "Loan Agreement" purported to be a loan from Loanpal (now known as GoodLeap) to Mrs. Purnell in the total amount of $18,900.00, with a 20-year loan term and an interest rate of 3.99%. (*Id.* ¶ 31.)

Defendants—including Taylor—did not present any of these documents to Mrs. Purnell, nor did they provide these documents to Mrs. Purnell in a paper format at any time before, at, or

3

after the loan closing. Mrs. Purnell did not affix her name on any documents. (*Id.* ¶ 32.) At the time of the solicitation, Mrs. Purnell understood that solar panels would be installed but did not understand that she would be taking out a loan to cover the cost of the installation, as that was not explained to her. (*Id.* ¶ 35.) If Mrs. Purnell had been told that a loan was involved, she never would have agreed to have the system installed. (*Id.* ¶ 36.)

### III.  PROCEDURAL HISTORY

On June 21, 2022, Mrs. Purnell filed an action in the Court of Common Pleas for Philadelphia County ("State Court Action"), alleging that Defendants Vivint and Goodleap, through their sales agent Taylor, caused Mrs. Purnell to enter into a solar system contract and loan agreement through fraud, without her knowledge or consent. (Complaint ¶¶ 1, 11.) Plaintiff brought several state law claims against Taylor, Vivint, and Goodleap, including claims sounding in fraud and arising under Pennsylvania's Unfair Trade Practices and Consumer Protection Law. (Complaint at Counts 2 & 6.)[2]

On July 18, 2022, Defendants filed a Notice of Removal. (ECF 1.) Defendants did not file a Notice of Removal in the State Court Action. Defendants Goodleap and Vivint thereafter each filed a Motion to Compel Arbitration. (ECF 5 & 6.) Plaintiff moves to remand the action to the Court of Common Pleas.

### IV.  LEGAL ARGUMENT

#### A. Defendants' removal is procedurally defective because they failed to file a notice of removal in the State Court Action

Remand is required because Defendants failed to strictly comply with the procedural requirements of the removal statute. Specifically, Defendants failed to comply with the state court

---

[2] Prior to the State Court Action, Plaintiff filed a separate action in the Court of Common Pleas, which Defendants Goodleap and Vivint removed to this Court. The federal action was dismissed on June 7, 2022 pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).

4

notice requirement, which provides: "**Promptly** after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and **shall file a copy of the notice** with the clerk of such State court, which **shall effect the removal** and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d) (emphases added). "The requirement of notice to the state court is an important part of the removal process and has been held necessary to terminate the state court's jurisdiction." *Resol. Tr. Corp. v. Nernberg*, 3 F.3d 62, 69 (3d Cir. 1993). "Consequently, it is not an obligation that is to be treated as casually[.]" *Id.* Strict adherence to this prompt notice requirement comports with the general rule that "[r]emoval statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *In re Briscoe*, 448 F.3d at 217.

Here, Defendants did not file a copy of the notice of removal *at all* in the State Court Action. A copy of the docket as of August 5, 2022 is attached as Exhibit 1. Since no notice of removal was filed at all in the State Court Action, the court need not inquire into whether Defendants filed the required notice "promptly," which is an express precondition to "effect the removal" and stop the state court from proceeding with the case. 28 U.S.C. § 1446(d); *see also Resol. Tr. Corp.*, 3 F.3d at 69 (observing that defendant treated the notice obligation "casually" with its 34-day delay); *Red Mountain Collections, LLC v. Studner*, No. 19-5719, 2020 WL 670842, at *2–3 (E.D. Pa. Feb. 10, 2020) ("Section 1446(d)'s requirements that the defendant provide written notice of the removal to the plaintiff and file a copy of the removal notice in the state court are necessary to 'effect the removal.'").

Because of Defendants' failure to comply with the state court notice requirement in the removal statutes, which are to be strictly construed, remand is required under 28 U.S.C. § 1447(c).

**B. Defendants failed to meet their burden of establishing subject matter jurisdiction**

Even assuming *arguendo* that Defendants' removal was not procedurally defective, remand is still required because Defendants have not established this Court's subject matter jurisdiction. As the removing party, Defendants bear the burden of establishing federal subject matter jurisdiction over this action and the propriety of removal. *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006). This is significant because the federal courts are presumptively without jurisdiction over civil actions. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction … it is to be presumed that a cause of action lies outside this limited jurisdiction."). "[R]emoval statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *In re Briscoe*, 448 F.3d at 217.

Defendants concede that Defendant Taylor shares the same citizenship as Mrs. Purnell. That should end the inquiry under 28 U.S.C. § 1332(a)(1). However, Defendants contend Taylor's citizenship should be disregarded because, they contend, he was fraudulently joined.

Defendants have failed to meet their burden of proving fraudulent joinder. "In a suit with named defendants who are not of diverse citizenship from the plaintiff, the diverse defendant may still remove the action if it can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction." *In re Briscoe*, 448 F.3d at 216. "[T]he removing party carries a 'heavy burden of persuasion' in making this showing." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992). Placing this heavy burden on the removing party "is logical" because removal statutes are strictly construed in favor of remand. *Id.*

To prove joinder was fraudulent, the removing Defendants must prove that "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant[.]" *In re Briscoe*, 448 F.3d at 217. The Court's inquiry focuses on the allegations in the Complaint.

6

*Id.* All factual allegations are assumed to be true, and "any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *Id.* The analysis is not whether Plaintiff "states a claim" that would withstand a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), but whether the claims are "wholly insubstantial and frivolous." *Batoff*, 977 F.2d at 852. In this respect, "the inquiry into the validity of a complaint triggered by a motion to dismiss under Rule 12(b)(6) is more searching than that permissible when a party makes a claim of fraudulent joinder." *Id.*

"[I]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Id.* at 851. Under this broad standard, courts are understandably reluctant to dismiss state law claims unless the possibility of relief is completely disproven. *See, e.g.*, *Bradley-Williams v. Agency Ins. Co. of Maryland, Inc.*, 282 F. Supp. 3d 882, 885 (E.D. Pa. 2017) ("Where Pennsylvania law does not expressly prohibit a claim for which there may be a colorable basis, district judges have hesitated to exclude the possibility of a remedy."). The inquiry does not concern "the size or significance" of the claim in relation to the plaintiff's case, but "its possible viability" under Pennsylvania law. *Id.* Thus, in *Bradley-Williams*, the court found no fraudulent joinder of the forum-state insurance agent, even though "the agent's conduct is certainly not the centerpiece of this case," because the claims were colorable. *Id.*

Finally, the motive of the plaintiff is irrelevant. *Id.* at 886 n.2 (quoting *Mecom v. Fitzsimmons Drilling Co. Inc.,* 284 U.S. 183, 189 (1931)) ("In a removal proceeding the motive of a plaintiff joining defendants is immaterial, provided there is in good faith a cause of action against those joined."); *Abel v. State Farm Fire & Cas. Co.,* 770 F.2d 26, 32 (3d Cir. 1985) ("The fact that the plaintiffs' motive for joining [a non-diverse] defendant is to defeat diversity is not considered indicative of fraudulent joinder.").

Defendants' Notice of Removal is noticeably devoid of any argument that Plaintiff's several state law claims against Defendant Taylor are in any way insubstantial or frivolous. Defendants' argument amounts to a sentence and a footnote, that "Ms. Purnell has no real intention in good faith to prosecute this action against Mr. Taylor or to seek a joint judgment against Mr. Taylor," and that "Ms. Purnell's claims against Mr. Taylor may be barred by the applicable statute of limitations." (ECF 1 ¶ 25 & n. 5.)  No specific claims are identified, the statute of limitations argument was not developed, and there was no attempt to analyze whether Plaintiff's claims are wholly insubstantial or frivolous. *See Batoff*, 977 F.2d at 852.[3]  Defendants have failed to meet their heavy burden under the fraudulent joinder analysis.  Mrs. Purnell plainly states colorable claims against Defendant Taylor.

Defendants cite the district court case *Moore v. Johnson & Johnson* in support, but the differences between *Moore* and the instant action only exemplify why remand is required here.  In *Moore*, the complaint against the in-state defendant contained only "conclusory allegations" of negligence, claims that were prohibited by statute, and other averments that failed to make out colorable claims. *Moore v. Johnson & Johnson*, 907 F. Supp. 2d 646, 666–73 (E.D. Pa. 2012).  Here, the specific and detailed allegations in Ms. Purnell's Complaint plainly set out colorable claims against Taylor, including claims arising under the Unfair Trade Practices and Consumer Protection Law (Count 2) and fraud (Count 6).  Defendants fail to raise any defense or argument that would sustain their heavy burden of proving fraudulent joinder.

---

[3]  Given the allegations of fraud in the execution, fraudulent concealment, and fraudulent nondisclosure (Count 6 of Complaint), the statute of limitations for Plaintiff's claims would be tolled. *See Fine v. Checcio*, 870 A.2d 850, 861–62 (Pa. 2005) (discussing discovery rule and fraudulent concealment). But again, as mentioned, Defendants have not identified a claim where the limitations period has purportedly run, nor have they identified any statute of limitations.  Indeed, the statute of limitations for the UTPCPL claim is six years, no doubt encompassing the claims against Taylor stemming from (at the earliest) 2018. *Gabriel v. O'Hara*, 534 A.2d 488 (Pa. Super. 1987).

Defendants failed to demonstrate that there is "no possibility" that the Court of Common Pleas would find a viable cause of action here. *See Batoff*, 977 F.2d at 852. As such, the parties are not diverse, subject matter jurisdiction is lacking, and remand is required.

## IV. **CONCLUSION**

Defendants failed to comply with their obligation to promptly file notice of the removal in the state court, which is necessary to effect the removal. Further, Defendants have not established this Court's subject matter jurisdiction because the parties are not diverse. Accordingly, the case should be remanded back to the Philadelphia County Court of Common Pleas pursuant to 28 U.S.C. § 1447(c).

Respectfully submitted:

Date: 8/5/2022

*/s/ Andrew M. Milz*
ANDREW M. MILZ

## CERTIFICATE OF SERVICE

I, ANDREW M. MILZ, do hereby certify that I have served a true and correct copy of the foregoing Motion to Remand was filed electronically and is available for viewing and downloading from the Court's Electronic Filing System. Copies were also emailed to:

Samantha L. Southall, Esquire (Pa. I.D. No. 80709)
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102
(215) 665-8700
samantha.southall@bipc.com

**Attorneys for Defendant GoodLeap, LLC**

Alexander Nemiroff [92250]
Three Logan Square
1717 Arch Street, Suite 610
Philadelphia, Pennsylvania 19103
267.602.2040
anemiroff@grsm.com

**Attorneys for Defendants Vivint Solar, Inc.,
Vivint Solar Developer, LLC, Sunrun, Inc. and Leroi Taylor**

Date:  8/5/2022                                         */s/ Andrew M. Milz*
                                                                ANDREW M. MILZ