IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GWENDOLYN PURNELL : | |
| : | |
| v. : | CIVIL ACTION NO. 22-2773 |
| : | |
| GOODLEAP, LLC., *et al.* : | |

**MEMORANDUM**

**SURRICK, J.**                                                                                                                    **MARCH 31, 2023**

      This matter arises out of allegedly fraudulent business practices by Defendants and a resulting sale from their door-to-door marketing of "free" solar panels. In this action, Plaintiff—an 81-year-old widow—alleges that Defendants caused her to enter into a contract and loan agreement without her knowledge or consent. Plaintiff originally filed this action in the Philadelphia County Court of Common Pleas. Defendants then removed the action and filed Motions to Compel Arbitration. Subsequently, Plaintiff filed a Motion to Remand to state court (ECF No. 7), which is presently before the Court. Defendants' single argument in opposition to remand is that Defendant Leroi Taylor—whose residence is in Pennsylvania—was added solely for the purposes of destroying diversity jurisdiction and, for that reason, the Court should find fraudulent joinder and deny the Motion to Remand. We find there is a colorable claim against Defendant Taylor. We do not find that he was fraudulently joined. The Motion will be granted and the matter will be remanded to state court.

**I.    BACKGROUND**

      Defendants Sunrun, Inc., Vivint Solar, Inc., and Vivint Solar Developer, LLC are door-to-door sale companies that work with Goodleap, LLC to sell and finance the sale of solar electric systems. Defendant Taylor was the sales agent who acted on behalf of Vivant to solicit

Plaintiff for the sale of solar panels on her home.  Plaintiff, Mrs. Purnell, is an elderly widow who lives in the home she and her husband purchased in 1970 in Philadelphia, PA.

In 2018, Taylor, acting as a door-to-door salesman for Vivint, solicited Mrs. Purnell and her husband at their home regarding the installation of solar panels.  The Purnells indicated that they were uninterested in the panels.  However, when Taylor explained that the panels would not cost the couple anything and, in fact, would actually save them a substantial amount of money on their electric utility bill, the Purnells agreed to consider having the solar electrical system installed.  Taylor then took down Mr. and Mrs. Purnell's information and submitted it to see if they qualified to have the system installed.  While Mr. Purnell did not qualify, Mrs. Purnell did.  At that time, Mrs. Purnell orally agreed to have the system installed.  Shortly thereafter, Taylor returned to the Purnell home and presented Mrs. Purnell with a tablet, which Mrs. Purnell signed, agreeing to the installation of the panels, but nothing more.  The tablet did not depict any contractual terms and there were no other paper documents presented or signed.  The panels were eventually installed.

Two years later, in November of 2020, Defendants provided Mrs. Purnell with copies of documents entitled "Residential Solar Energy System Purchase Agreement" and "Loan Agreement."  The Residential Solar Energy System Purchase Agreement purported to be an agreement by Mrs. Purnell allowing Vivint to install the equipment and agreeing to purchase the solar panels and equipment from Vivint for $18,900.00.  The Loan Agreement purported to be a loan from Goodleap to Mrs. Purnell in the amount of the solar panels—$18,900.00—with a 20-year loan term and a 3.99% interest rate.  Mrs. Purnell alleges that these documents were not provided to her by any of the Defendants at any time before, at, or after the loan closing and asserts that she never signed such documents.  When she was solicited by Taylor, Mrs. Purnell

2

knew she was agreeing to have the panels installed but did not understand that she would be taking out a loan to pay for the cost of the panels and installation.

Based upon these facts, Mrs. Purnell filed an action in the Philadelphia County Court of Common Pleas against Defendants Sunrun, Inc., Vivint Solar, Inc., Vivint Solar Developer, LLC, and Goodleap, LLC alleging that Defendants caused her to enter into a solar system contract and loan agreement through fraud, without her knowledge or consent. *Gwendolyn Purnell v. GoodLeap LLC, Sunrun Inc., Vivint Solar, Inc., and Vivint Solar Developer, LLC*, Case No. 220500085 (the "initial action"). Defendants removed that action to federal court and filed a Motion to Compel Arbitration. (No. 22-2127.) That same day, Plaintiff voluntarily dismissed her Complaint. Shortly thereafter, Plaintiff re-filed her complaint in the Philadelphia County Court of Common Pleas. *Gwendolyn Purnell v. GoodLeap LLC, Sunrun Inc., Vivint Solar, Inc., Vivint Solar Developer, LLC, and Leroi Taylor*, Case No. 220601757 (the "current action"). The current action is substantially similar to the initial action, except that it includes an additional Defendant—Leroi Taylor—and asserts a claim of common law fraud against him. Defendants again removed the matter to federal court and filed Motions to Compel Arbitration.

Plaintiff then filed a Motion to Remand, which is presently before the Court.[1] Removal of this matter was based on diversity jurisdiction. The following is undisputed: Plaintiff is a resident of Pennsylvania; Defendant Goodleap's principal place of business in California;

---

[1] While Defendants filed their Motions to Compel Arbitration before Plaintiff's Motion to Remand, we must make a jurisdictional determination before we decide the Motions to Compel Arbitration. *Edmondson v. Lilliston Ford, Inc.*, 593 F. App'x 108, 112 (3d Cir. 2014) ("the District Court is not precluded from making a threshold determination of subject matter jurisdiction prior to proceeding with an analysis of the motion to compel [arbitration]. To the contrary, a determination as to subject matter jurisdiction is a necessary component of that analysis. This is because the FAA does not independently confer federal subject matter jurisdiction.").

Defendant Sunrun Inc's principal place of business is in California; Vivint Solar, Inc. is incorporated in Delaware and has a principal place of business in California; Vivint Solar Developer, LLC is incorporated in Delaware and has a principal place of business in California; Defendant Leroi Taylor resides in Pennsylvania. Diversity jurisdiction is clearly destroyed by the presence of Defendant Taylor, who shares a Pennsylvania residence with Plaintiff. However, Defendants assert that Taylor was fraudulently joined in this matter and, on that basis, the Court should deny the Motion. For the following reasons, we find that Taylor was not fraudulently joined and will grant the Motion and remand this matter.[2]

## II.     LEGAL STANDARD

Fraudulent joinder occurs when non-diverse parties are joined for the purpose of destroying diversity and "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." *In re Briscoe*, 448 F.3d 201, 216-17 (3d Cir. 2006) (internal quotation marks and citation omitted). When deciding whether a claim is colorable in a fraudulent joinder analysis, the court need not determine whether the claim would

---

[2] Plaintiff also argues that the matter should be remanded because Defendants failed to file a Notice of Removal in the state court action, which is procedurally improper. We reject this argument. We are satisfied that the failure to file the notice was a clerical error, which has now been corrected in a timely manner. On July 18, 2022, Defendants timely filed in this Court a Notice of Removal in the current action and emailed a copy of the notice to Plaintiff's counsel. Accidentally, the Notice was filed on the Court of Common Please docket for the initial action rather than the current action. When Defendants realized the mistake, they corrected the error and re-filed the Notice in the Court of Common Please docket for the current action. This occurred on August 8, 2022. Because Plaintiff was given notice of the filing of removal and because the delay in filing the Notice on the proper state court docket was only three weeks, we find it to be timely. *Boyce v. Saint Paul Fire & Marine Ins. Co.*, No. 92-6525, 1993 U.S. Dist. LEXIS 728, at *11 (E.D. Pa. Jan. 28, 1993) ("If a defendant gives prompt notice of the filing of the removal petition to the plaintiff, this operates as a saving factor for a delay in filing a copy of the petition with the state court.").

survive a motion to dismiss. *Id.* at 217. Rather, "unless the claims against the non-diverse defendant could be deemed 'wholly insubstantial and frivolous' . . . the joinder could not be considered fraudulent." *Id*. "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Id*. The removing party caries a heavy burden of persuasion to establish fraudulent joinder, as removal statues are strictly construed against removal and all doubts should be resolved in favor of remand. *Id*.

### III. DISCUSSION

Removing Defendants argue that Plaintiff joined Defendant Taylor solely for the purpose of destroying diversity jurisdiction and, therefore, that he was fraudulently joined. To determine whether Taylor was fraudulently joined, we must first ask whether there is any reasonable basis in fact or colorable ground supporting the claim against him. *Id*. at 216-17. Here, we find that there is a possibility that the state court would find that the complaint states a claim against Taylor and, therefore, that he has not been fraudulently joined.

In her Complaint, Plaintiff asserts two causes of action against Taylor: violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law and common law fraud. Defendants make two primary arguments for why there is no colorable ground supporting these claims. First, Defendants assert that the allegations regarding Taylor in the Complaint are conclusory and only amount to bare assertions. We disagree. In her Complaint, Mrs. Purnell includes significant detail about Taylor's involvement in the allegedly fraudulent transaction between Mrs. Purnell and Vivint. In fact, Taylor was clearly a key player in the factual basis of this lawsuit. The Complaint avers that Taylor was the individual who solicited the Purnells for the solar electrical system, told them—multiple times—that the system would cost them nothing,

took down their information to see if they qualified for the system, presented Mrs. Purnell with the tablet to sign for the installation, and overall was the go-between for the Purnells and Vivint. (Complaint, ECF No. 1-1 Ex. B, ¶ 16-26.) Further, Plaintiff specifically alleges that Taylor intentionally misrepresented the nature of the transaction and the documents she signed on the tablet, and intentionally failed to show her any loan documents or paperwork. (*Id.* ¶ 37.) We find that these allegations support a reasonable basis in fact for Plaintiff's claims of fraud and unfair trade practices against Taylor.

Second, Defendants assert that Plaintiff's claims are frivolous and futile based upon a recorded phone call, which appears to depict Mrs. Purnell verbally agreeing to finance the installation of the panels through a loan in the amount of $18,900. In considering whether the claims against the non-diverse defendant are colorable for purposes of fraudulent joinder, the Court "must not step from the threshold [of a] jurisdictional decision into a decision on the merits" of the claims. *In re Briscoe*, 448 F.3d at 219. The Court should not partake in a motion to dismiss nor a summary judgment analysis; rather, the Court must simply determine whether there is any possibility that a state court would find that the complaint states a cause of action against the defendant in question. *Id.* at 217. By presenting this phone call as evidence that the claims asserted by Plaintiff in her Complaint are futile or frivolous, Defendants are asking the Court to engage in a decision on the merits. That is improper at this stage. While Defendants argue that the Court is permitted to look outside the pleadings for indicia of fraudulent joinder, the case they cite for this proposition allows a limited consideration of "reliable evidence" in reviewing whether the statute of limitations would bar the claim.[3] That is not what Defendants

---

[3] In her Motion, Plaintiff asserts that Defendants may argue that the claims against Taylor are barred by the applicable statute of limitations. However, Defendants fail to raise this argument in their Opposition. Therefore, we decline to address the merits of this argument, as

are asking us to do here.  Rather, Defendants ask us to consider an unauthenticated recorded phone call which purports to contradict Plaintiff's claim that she did not know she had taken out a loan for the solar panels.  To do so would be to embark in a summary judgment-like analysis, essentially deciding the merits of the case.  This is impermissible when deciding whether a defendant has been fraudulently joined.  This argument is unavailing.

The second inquiry we must address in determining whether Taylor was fraudulently joined is whether Plaintiff has a good faith intention to prosecute the action against Taylor or to seek a joint judgment.  Defendants argue that Mrs. Purnell has no intent to seek a joint judgment against Taylor but offer essentially no support for this assertion.  Defendants' main argument is simply that Plaintiff's core purpose in joining Taylor was to defeat diversity jurisdiction, rather than to actually pursue the claims against him.  Defendants assert that the plainest evidence of this motive is the procedural posture of the case, specifically that Plaintiff voluntarily dismissed her initial action after the Defendants removed it to federal court and shortly thereafter refiled her case again in state court, that time including Taylor—a Pennsylvania citizen—as a defendant. However, courts have consistently held that the motive of a plaintiff in adding a non-diverse defendant is irrelevant, so long as the plaintiff has a good faith intent to pursue the action against the non-diverse defendant. *Mecom v. Fitzsimmons Drilling Co.*, 284 U.S. 183, 189 (1931); *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985); *Badman v. Wal-Mart Stores, Inc.*, No. 19-4246, 2019 U.S. Dist. LEXIS 193628, at *4 (E.D. Pa. Nov. 6, 2019) ("Even a specific intent to avoid federal jurisdiction is of no moment:  The fact that the plaintiffs' motive for joining a [nondiverse] defendant is to defeat diversity is not considered indicative

---

Defendants carry the heavy burden of raising and proving such an argument to support fraudulent joinder.

of fraudulent joinder."). *See also Coleman v. Albuquerque-AMG Specialty Hosp., LLC*, 2013 U.S. Dist. LEXIS 201825, *13 (Oct. 24, 2013) (finding no fraudulent joinder where plaintiffs dismissed their initial action after defendant removed the case, then refiled the same cause of action in state court again naming a new, non-diverse defendant because plaintiffs stated a potentially viable claim against the non-diverse defendant). Therefore, Plaintiff's intent in dismissing, then subsequently refiling her case with Taylor as a defendant is irrelevant to the inquiry, as we find that Plaintiff has stated a potentially viable claim against Taylor and Defendants have provided no reason to find that Plaintiff does not have a good faith intent to pursue the claims against him.

## IV. CONCLUSION

For all of these reasons, Defendants fail to raise any defense or argument that sustain their heavy burden of proving fraudulent joinder. Accordingly, we find that Taylor was not fraudulently joined and the Motion to Remand will be granted. An appropriate Order follows.

**BY THE COURT:**

 */s/ R. Barclay Surrick*
**R. BARCLAY SURRICK, J.**